IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MONTRELL L. GORDON, )
)
Petitioner, )
)
v. ) Civil Action No. 3:18CV880–HEH
)
UNKNOWN, )
)
Respondent. )

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2254 Petition)

Petitioner, a Virginia inmate proceeding pro se, filed a 28 U.S.C. § 2254 petition (§ 2254 Petition," ECF No. 3). Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or in a collateral proceeding. Petitioner indicated that he has not raised any of his claims in state court. (*Id.* at 5–10.) Petitioner also indicated that he has not filed an appeal or any other challenge to his state conviction in the Supreme Court of Virginia. Thus, the record failed to indicate that Petitioner has properly exhausted his state court remedies with respect to his three claims.

Accordingly, by Memorandum Order entered on February 22, 2019, and again on March 7, 2019, the Court directed Petitioner to show cause, within eleven (11) days of date of entry thereof, as to why his § 2254 Petition should not be dismissed for lack of exhaustion.

Petitioner has responded and blames his attorney for not pursuing his claims on direct appeal. (ECF No. 6, at 1; *see* ECF No. 9, at 1.) Counsel is not at fault for Petitioner's failure to present his claims to the Supreme Court of Virginia because he could so do so *pro se* in a collateral proceeding. Thus, Petitioner has failed to establish good cause for his lack of exhaustion. Accordingly, the § 2254 Petition will be dismissed without prejudice to re-file after Petitioner has exhausted his state court remedies for all of his claims.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A COA will therefore be denied.

An appropriate Order shall accompany this Memorandum Opinion.

/s/

HENRY E. HUDSON  
Date: March 20, 2019  
SENIOR UNITED STATES DISTRICT JUDGE  
Richmond, Virginia

2